UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIKA WONG,<br><br>                Plaintiff,<br>     v.<br>CAROLYN W. COLVIN,<br><br>                Defendant. | Case No.: 5:14-cv-03267-PSG<br><br>**ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 13, 14)** |

Plaintiff Erika Wong suffers from multiple mental impairments, namely bipolar disorder and clinical depression.[1] Based on a variety of physicians' opinions, a vocational expert's observations and Wong's testimony as to her daily activities, the Commissioner of Social Security held that Wong's "medically severe combination of impairments"[2] were not disabling for the purposes of employment as housekeeper or inspector hand packager.[3] Because substantial

---

[1] *See* Docket No. 12-3 at 15.

[2] *See id.*

[3] *See id.* at 24.

1
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

evidence supports this decision, the court DENIES Wong's motion for summary judgment and GRANTS the Commissioner's motion for summary judgment.

## I.

Through its administrative law judges, the Commissioner of Social Security evaluates claims using a sequential five-step evaluation process. In the first step, the ALJ must determine whether the claimant currently is engaged in substantial gainful activity, and if so, the claimant is not disabled and the claim is denied.[4] If the claimant currently is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments lasting more than 12 months; if not, the ALJ finds the claimant "not disabled" and the claim is denied.[5] If the claimant has a "severe" impairment or combination of impairments that meets the duration requirement, the third step requires the ALJ to determine whether the impairment or combination of impairments meets or is equal in severity to a listed impairment in Appendix 1 of Subpart P of 20 CFR § 404.[6] If the claimant's impairment equals or is comparable to a listed impairment, disability is conclusively presumed and benefits are awarded.[7]

If the claimant's impairment or combination of impairments is severe but does not meet or equal in severity a listed impairment, the fourth step requires the ALJ to determine whether the

---

[4] *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

[5] *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909.

[6] *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1520a(d)(2).

[7] *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); 20 C.F.R §§ 404.1520(d), 416.920(d).

2
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

claimant has sufficient "residual functional capacity"[8] to perform his or her past work[9]; if so, the claimant is not disabled and the ALJ denies the claim.[10] It is the claimant's burden to prove that he or she is unable to perform past relevant work.[11] If the claimant meets this burden, the Commissioner then bears the burden of establishing that the claimant can perform other work,[12] comprising the fifth and final step in the sequential analysis. In determining whether claimant can adjust to other work, the ALJ considers claimant's RFC, age, education and work experience.[13] If the Commissioner provides evidence that the claimant can perform other work and that such work exists in significant numbers in the national economy, the claimant is not disabled and the ALJ must deny the claim.[14]

In determining whether the claimant is disabled, the ALJ considers medical opinions in the record that reflect on the nature and severity of a claimant's impairment or impairments.[15]

---

[8] A claimant's residual functioning capacity ("RFC") is what the claimant can still do despite existing physical, mental, non-exertional and other limitations. *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[9] *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), 404.1520a(d)(3).

[10] *See Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992); *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1994).

[11] *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006). If the claimant does not meet his or her burden of proof in the fourth step, he or she may proceed to the fifth step only if the ALJ does not have sufficient evidence about claimant's past relevant work to make a determination.

[12] *See* 20 C.F.R §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[13] *See* 20 C.F.R §§ 404.1560(c)(1), 416.960(c)(1).

[14] *See* 20 C.F.R §§ 404.1560(c)(2), 416.960(c)(2); there are two ways for the Commissioner to meet the burden of showing that there is work in significant numbers in the national economy that the claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpart P, Appendix 2; 20 C.F.R. § 416.969; *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).

[15] *See* 20 C.F.R. §§ 404.1527(a)(2), (b) and 416.927(a)(2), (b).

3
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Generally, a non-examining source receives less weight that an examining physician's medical opinion,[16] and the opinion of a source that has treated the claimant and established a longitudinal picture of the claimant's impairment receives most weight.[17] Ultimately, the degree of weight given to medical opinions depends on the physician's presentation of relevant evidence and supporting explanations.[18] Weight given to a treating physician's opinion depends on how well the opinion is supported by "medically acceptable" techniques and consistency with substantial evidence in the record.[19] If contradicted by another doctor, the opinion of a treating or examining doctor can only be rejected for "specific and legitimate" reasons supported by "substantial evidence in the record."[20] The Commissioner will give weight to the opinions of non-examining sources to the extent they are "consistent with independent clinical findings or other evidence in the record."[21]

Nearly four years ago, Wong filed a Title II application for disability and disability insurance benefits as well as a Title XVI application for supplemental security income.[22] Wong alleged disability beginning December 8, 2010.[23] The claims were denied initially, upon

---

[16] *See* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *Gallant*, 753 F.2d at 1456.

[17] *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

[18] *See* 20 C.F.R. §§ 404.1527(c)(3 ), 416.927(c)(3).

[19] *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

[20] *See Regenitter v. Comm'r of Soc. Sec. Admin*, 166 F.3d 1294, 1298-99 (9th Cir. 1999).

[21] *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("An opinion by a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record"); 20 C.F.R. §§ 404.1527(e)(1)(i), 416.927(e)(1)(i).

[22] *See* Docket No. 12-3 at 13.

[23] *See id.*

4
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

reconsideration and following a hearing and supplemental hearing before the ALJ.[24] The appeals council denied further review, making the ALJ's decision the final agency decision.[25]

Wong now requests that this court remand with instructions to award and pay all disability benefits due or alternatively to remand for further proceedings.[26] The Commissioner requests that the court affirm the Commissioner's final decision.[27]

## II.

The court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[28] The court finds this motion suitable for disposition on the papers in light of this court's local rules and procedural order.[29]

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Wong her benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[30] In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance"—it is "such relevant evidence a reasonable mind might accept as adequate

---

[24] *See* Docket No. 13 at 6.

[25] *See id.*

[26] *See id.* at 5.

[27] *See* Docket No. 14 at 1.

[28] *See* Docket Nos. 9, 10.

[29] *See* Civil L.R. 7–1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."); Civil L.R. 16-5; Docket No. 7.

[30] *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir.1999).

5
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

to support the conclusion."[31]  Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[32]

The decision of whether to remand for further proceedings turns on the likelihood that such proceedings could "remedy defects in the original administrative proceedings."[33]  Where the Commissioner has failed to provide legally sufficient reasons for rejecting evidence, such evidence must be credited[34]; further, an immediate award of benefits must be directed if there are no outstanding issues to resolve and the ALJ would be required to find the claimant disabled, were such evidence credited.[35]

## III.

Pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ conducted the sequential five-step evaluation process for determining whether an individual is disabled.  At the first step, the ALJ found Wong had not engaged in substantial gainful activity since December 8, 2010 and met the insured status requirements through December 31, 2012.[36]  At step two, the ALJ found Wong had "the following medically severe combination of impairments:  bipolar disorder; depressive disorder; and a history of alcohol abuse in remission."[37]

At step three, after considering Wong's written testimony, the opinions of examining and non-examining medical consultants and Wong's treating physician Dr. Gregory Braverman, the

---

[31] *See id.; Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

[32] *See Morgan,* 169 F.3d at 599.

[33] *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981)).

[34] *See Harman*, 211 F. 3d at 1178 (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)).

[35] *See id.* (citing *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996)).

[36] *See* Docket No. 12-3 at 15.

[37] *See id.*

6
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

ALJ discredited Wong and Braverman and found Wong did not have an impairment or combination of impairments that meets or medically equals in severity one of the listed impairments.[38] The ALJ found Wong experienced moderate rather than marked limitation in activities of daily living and social functioning as well as concentration, persistence or pace, and only two episodes of decompensation.[39] The ALJ thereby concluded Wong's impairments were not adequately severe to meet or approximate a listed impairment.[40]

At step four, the ALJ found Wong has the RFC to perform all types of physical work but is limited as a result of her impairments to "simple, repetitive tasks" that do not require "public contact," "hypervigilance" and "strict attention to detail."[41] The ALJ based his RFC assessment on testimony from the hearing, medical evidence and source statements in the record.[42] He found Wong's claims of intense, persistent and limiting symptoms not credible to the extent they were inconsistent with her RFC.[43] Ultimately, the ALJ found Wong had not been under a disability since December 8, 2010, and though she was unable to perform any past relevant work, she was capable of employment as a housekeeper or inspector hand packager.[44]

---

[38] *See Id.* at 16. Impairments are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

[39] *See* Docket No. 12-3 at 16. Although Wong was hospitalized twice for periods over two weeks, once in December 2010 and once in March 2011, the ALJ found that these incidents together did not rise to the level of "repeated decompensation" because her hospitalizations were based on suicidal ideation, rather than suicide attempts, and there was no record that she had been hospitalized since March 2011. *See id.*; 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2).

[40] *See* Docket No. 12-3 at 16.

[41] *See id.* at 17.

[42] *See id.* at 23.

[43] *See id.* at 19.

[44] *See id.* at 24.

7
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

**IV.**

The ALJ provided substantial evidence discounting Wong's claims of disability. He gave "specific and legitimate reasons" and "substantial evidence in the record" to support rejecting Braverman's opinion[45] and crediting other medical examiners and non-examiners' opinions who contradicted Braverman.[46] Taking into consideration the general practice of giving greater weight to the opinion of a treating physician who has "longitudinal picture" of the claimant's impairment,[47] the ALJ provided adequate evidence for a "reasonable mind" to accept his conclusion that Braverman's opinion was inconsistent internally and with the record and should therefore receive minimal weight.[48] The ALJ further properly credited the vocational expert's opinion that Wong could perform work as a housekeeper or inspector hand packager, and therefore is not disabled for the purposes of receiving social security benefits.[49]

***First*,** the ALJ provided substantial evidence to discount Wong's statements that might otherwise have supported Braverman's opinion and a finding of disability. Although Wong claims that her disabling impairment prevents her from performing any work, she reported she originally stopped working for reasons other than her alleged disability.[50] Wong said she searches the "internet/job boards daily to look for work."[51] Moreover, Wong provided inconsistent information to her physicians—twice she told Braverman she was "feeling

---

[45] *See id.* at 21.

[46] *See Regenitter*, 166 F.3d at 1298-99; Docket No. 12-3 at 22.

[47] *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Docket No. 12-3 at 21.

[48] *See Morgan*, 169 F.3d at 599.

[49] *See* Docket No. 12-3 at 24.

[50] *See id.* at 20; Docket No. 12-7 at 6.

[51] *See* Docket No. 12-3 at 20; Docket No. 12-7 at 27.

8
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

depressed"[52] and on the same day told nurses she was "doing a lot better on [psych] meds" and down to only two mental health medications and "finally" felt well.[53] These inconsistencies suggest Wong "may not be entirely reliable."[54]

*Second*, the ALJ provided sufficient reasons and adequate evidence to discount Braverman's opinion, though the court disagrees with the ALJ's reasoning on one point.

The ALJ found Braverman's discrepancies in predicting the duration of Wong's symptoms demonstrated inconsistencies with the record and internally and were sufficient to discredit Braverman's opinion.[55] Twice in 2011, Braverman reported that Wong's impairment would last no more than three months.[56] In April 2012 Braverman opined that Wong's impairment would last at least 12 months.[57] On this point, the court sides with Wong. That Braverman struggled to predict durations early on in treatment alone does not provide valid grounds for discrediting his opinion. Two inaccurate estimates are reasonable during the early stages of treatment.

Nonetheless, the ALJ properly discounted Braverman's opinion because it was inconsistent internally and with substantial evidence in the record. Braverman opined Wong has "poor response to medication,"[58] but multiple treatment notes indicated improvement in response

---

[52] *See* Docket No. 12-3 at 20; Docket No. 12-8 at 49, 113.

[53] *See* Docket No. 12-3 at 20; Docket No. 12-8 at 64, 66.

[54] *See* Docket No. 12-3 at 20.

[55] *See id.* at 21.

[56] *See* Docket No. 12-8 at 45-6.

[57] *See id.* at 140.

[58] *See* Docket No. 12-8 at 136.

9
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

to appropriate medication.[59] Wong contends that there is no inconsistency with the record or internally, because the notes do not indicate any "significant improvement"—Wong would at times do "better for [a while]" but "usually was worse again."[60] The court finds Wong's argument unpersuasive: weight given to medical opinions depends on supporting explanations.[61] Absent explanation for Wong's positive responses to medication, Braverman's conclusion of poor response constitutes inadequate support. Further, even if she often felt worse again, the latest reports in the record show Wong was feeling better in response to medication.[62] Wong moreover testified that "[m]y psych meds make feel much calmer and at ease."[63]

Braverman's assertion Wong was susceptible to decompensation given "even a minimal increase in mental demands or change in the environment"[64] also was unsupported by objective medical evidence and evidence of Wong's daily activities. For example, the ALJ noted Wong has lived in "the uncertain situation of homelessness for quite [a while]" without any psychiatric

---

[59] *See* Docket No. 12-3 at 21; Docket No. 12-8 at 112, 115; Docket No. 12-9 at 19, 56, 57.

[60] *See* Docket No. 13 at 11.

[61] *See* 20 C.F.R. § 404.1527(c)(3).

[62] After a March 27, 2012 treatment, the latest visit before he submitted his opinion at the request of the ALJ, Braverman noted that Wong was hearing voices less frequently and not as loudly as before. *See* Docket No. 12-9 at 19. The ALJ referenced the positive response in the July 5, 2012 treatment note ("feeling less irritable" and "fewer auditory hallucinations") because that is the latest one in the entire case record. *See* Docket No. 12-3 at 21; Docket No. 12-9 at 56. The July date suggests that Braverman's statement in the questionnaire that their last visit was in March 2012 is inconsistent with the record. *See* Docket No. 12-3 at 21; Docket No. 12-8 at 136. Braverman completed the questionnaire on April 2, 2012, so his statement about the last visit date was in fact accurate. *See* Docket No. 12-8 at 141. The ALJ's conclusion that Braverman's statement about Wong's response to medication was inconsistent with the treatment notes as a whole, however, still stands.

[63] Docket No. 12-3 at 60-61.

[64] *See* Docket No. 12-3 at 21; Docket No. 12-8 at 140.

10
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

hospitalizations since March 2011.[65] Wong further testified that she is "okay" with handling changes in routine.[66]

The ALJ further found Braverman's opinion inconsistent with the opinion of numerous other examiners. For example, impartial examiner Dr. Jenny Forman[67] reported a GAF of 60, indicating "moderate" symptoms or difficulties in social or occupational functioning.[68] Braverman reported a GAF of 40-45, indicating "serious" symptoms or difficulties in those same functions.[69] Overall, Forman found Wong's "work-related abilities" were "predominantly unimpaired" to "mildly impaired," with her "ability to withstand the stress of an 8-hour workday" and "ability to adapt to changes . . . in the workplace setting" "mildly to moderately impaired."[70] Braverman's opinion that Wong is "seriously limited" or "unable to meet competitive standards" for all mental abilities needed for unskilled work thus conflicts with Forman's.[71]

The ALJ also found Braverman's opinion inconsistent with consulting state psychiatrist Dr. P. Davis's psychiatric review and RFC assessment.[72] Davis asserted that Wong's impairments did not lead to "marked limitation" in activities of daily living, social functioning and concentration, persistence and pace or at least three episodes of decompensation.[73] Davis found only "moderate" limitation in all functions and "one or two" episodes of

---

[65] *See* Docket No. 12-3 at 21; Docket No. 12-7 at 29-30, 33.

[66] *See* Docket No. 12-7 at 33.

[67] *See* Docket No. 12-3 at 19, 22; Docket No. 12-8 at 73.

[68] *See id.*

[69] *See* Docket No. 12-3 at 21; Docket No. 12-8 at 136.

[70] *See* Docket No. 12-8 at 73.

[71] *See* Docket No. 12-3 at 22; Docket No. 12-8 at 138.

[72] *See* Docket No. 12-3 at 22.

[73] *See id.* at 22; Docket No. 12-8 at 90. ¶ B, App'x 1, Subpt P, 20 C.F.R. § 404.

11
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

decompensation.[74]  Davis observed Wong can adapt to simple, routine tasks that require little general public contact.[75]  Braverman's opinion thus conflicts with Davis's opinion.

The ALJ finally found Braverman's opinion inconsistent with the opinion of non-examining medical expert Dr. David Glassmire, who testified that without alcohol abuse, Wong would not meet the 12.04 listing and would be able to perform simple, repetitive tasks, absent interaction with the general public, hypervigilance and fast-paced work.[76]  Wong repeatedly testified during the hearing that she did not abuse alcohol.  Braverman stated Wong had been sober for two years.  Wong was not tested for alcohol in her system during her hospitalizations.  Therefore Glassmire showed Wong did not suffer from alcohol abuse and did not meet the requirements for a listed impairment.[77]  In contrast, Braverman still asserted Wong meets the requirements for a listed impairment as she is markedly limited in daily activities, social functioning and concentration and is likely to decompensate if her environment changes.[78]

In sum, substantial evidence supports the ALJ's decision to award less weight to Braverman's opinion.  While Braverman's opinion was inconsistent both internally and with the record, the ALJ appropriately assigned more weight to Forman, Davis and Glassmire's opinions because they were consistent with substantial evidence in the record.

***Third,*** the ALJ provided "specific and legitimate reasons" and "substantial evidence" for crediting the opinions of examining and non-examining medical consultants[79] who found Wong's

---

[74] *See id.*

[75] *See* Docket No. 12-3 at 22; Docket No. 12-8 at 92.

[76] *See* Docket No. 12-3 at 22, 39-50.

[77] *See id.* at 41, 49-50, 56, 60-61.

[78] *See* Docket No. 12- 8 at 138-140.

[79] *See Regenitter*, 166 F.3d at 1298-99; *Thomas*, 278 F.3d at 957.

12
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

impairments did not meet or equal in severity a listed impairment.[80]  Substantial evidence supports the ALJ's decision Wong was only moderately limited and suffered only two periods of decompensation.

As to moderate rather than marked limitation in daily activities, Wong spoke of a loss of appetite, interest, motivation and an inability to drive on medication, as well as decreased ventures outdoors and the ceasing of many activities she engaged in previously.  But as the ALJ noted, Wong also reported that she lives in a homeless shelter where she attends group sessions, looks for work on the internet, does laundry, uses public transportation, shops for food and basic necessities, goes to the library to read and regularly makes appointments with Braverman and Goodwill therapists.[81]  The ALJ sufficiently showed Wong's moderate daily activity limitations do not meet or equal in severity the listed requirements.[82]

As for moderate rather than marked limitations in social functioning, although Wong said she generally feels withdrawn, isolated and less social, she still visits one friend weekly and other

---

[80] Because Braverman diagnosed Wong with schizoaffective disorder, bipolar disorder, and depression the relevant impairment listing was 12.04 "Affective Disorders." See Docket No. 12-8 at 80, 136. Further after reviewing the record, Glassmire stated that Wong would meet a 12.04 if she is alcohol dependent. *See* Docket No. 12-3 at 40. In order to meet or equal in severity impairment listing 12.04, a claimant's impairment must result in "at least two of the following: *marked* restriction of activities of daily living, *marked* difficulties in maintaining social function, *marked* difficulties in maintaining concentration, persistence or pace, or repeated episodes of decompensation, each of extended duration" (emphasis added). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 - 12.04. B.

[81] *See* Docket No. 12-3 at 16; Docket No. 12-7 at 27.  Wong saw therapists at Goodwill, and she does not assert that they were treating sources.  *See* Docket No. 12-9 at 28, 51, 62-64.  The therapists noted depression and hallucinations but did not convey that Wong would have met a 12.04 listing or that she would not be able to engage in other work, such as simple routine tasks with no hypervigilance, high stress or contact with the general public.  Even if the therapists' notes could be interpreted to support Braverman's opinion or a listed impairment, their opinions would not be entitled to great weight.

[82] *See* 20 C.F.R. § 404, Appendix 1 - 12.00. B. 1.

13
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

friends once every two weeks.[83] Wong's symptoms do not meet or equal in severity the listed requirements.[84]

As to moderate rather than marked limitation in concentration, persistence and pace, Wong reported that she has difficulty with memory, motivation and concentration, such that she cannot pay attention for longer than "2 mins" and struggles with "racing" and "scattered" thoughts.[85] The ALJ found this testimony reflected moderate rather than marked restriction.[86] The ALJ did not provide much explanation for this conclusion, but gave significant weight to Forman's opinion that Wong is unimpaired in her ability to follow simple and complex instructions and unimpaired to mildly impaired in her ability to maintain adequate pace and persistence.[87] Further, the ALJ provided substantial weight to Davis who observed that Wong "can understand, remember, and [carry out] complex w[or]k instructions," and "can sustain her concentration, pace, & her persistence, w/ her w[or]k tasks for 2hr blocks of time, w/customary breaks over the course of a regular w[or]kday/w[ee]k."[88]

As for repeated periods of decompensation, Wong experienced only two psychiatric hospitalizations.[89] Appendix 1 of Subpart P of 20 CFR § 404 defines "repeated episodes of decompensation" as "three episodes within 1 year,"[90] and "episodes of decompensation" as

---

[83] *See* Docket No. 12-3 at 16; Docket No. 12-7 at 31-32.

[84] *See* 20 C.F.R. § 404, Appendix 1 - 12.00. B. 2.

[85] *See* Docket No. 12-7 at 29-33.

[86] *See* Docket No. 12-3 at 16.

[87] *See* Docket No. 12-8 at 73.

[88] *See id.* at 92.

[89] *See* Docket No. 12-3 at 16.

[90] *See* 20 C.F.R. § 404, Appendix 1 - 12.00. C. 4.

14
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

"exacerbations or temporary increases in symptoms or signs . . . [that] may be inferred from medical records showing significant alteration in medication or documentation of . . . hospitalizations."[91] Aside from her two hospitalizations, treatment notes show that Wong's medication was at times altered and she would complain of increases in symptoms. But it is unlikely that dosage alterations of five or 20 milligrams[92] constitute "significant" alterations or exacerbation of symptoms, especially where medications were stopped, added or increased due to complaints of dizziness,[93] tiredness[94] or insomnia.[95] The evidence supports the ALJ's finding.[96]

*Fourth,* the ALJ properly applied legal standards in reaching his decision. He provided specific and legitimate reasons for discounting Braverman's opinion as inconsistent internally and with the record.[97] Further, the ALJ provided substantial evidence to support the allocation of greater weight to Forman and Davis's opinions.[98] Finally, the ALJ properly gave weight to the opinions of Glassmire and vocational expert Thomas Linvill as consistent with objective medical evidence[99] and Forman and Davis's opinions.[100] Linvill thoroughly considered the record and provided relevant supporting explanations based on national statistics for his own finding that

---

[91] *Id.*

[92] *See* Docket No. 12-8 at 48, 50, 108; Docket No. 12-9 at 20, 26.

[93] *See* Docket No. 12-8 at 109.

[94] *See id.* at 113; Docket No. 12-9 at 26.

[95] *See* Docket No. 12-8 at 111.

[96] *See Morgan,* 169 F.3d at 599.

[97] *See Regenitter*, 166 F.3d at 1298-99.

[98] *See id.*

[99] *See, e.g.*, Docket No. 12-8 at 68-70.

[100] *See Thomas*, 278 F.3d at 957; *Tonapetyan,* 242 F.3d at 1149; 20 C.F.R. §§ 404.1527(e)(1)(i), 416.927(e)(1)(i).

Wong would still be able to perform work as a housekeeper or inspector hand packager.[101]  The ALJ properly denied Wong's claim for disability benefits.[102]

**V.**

Having found substantial evidence and proper legal standards supporting the ALJ's decision, the court does not address the question of proper remand.[103]  The Commissioner's motion is GRANTED; Wong's motion is DENIED.

**SO ORDERED.**

Dated: March 17, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[101] *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); Docket 12-3 at 67.

[102] *See Harman*, 211 F. 3d at 1178 (citing *Lester*, 81 F.3d at 834).

[103] *See* Docket No. 13 at 10; Docket No. 14 at 6-7; Docket No. 15 at 3.

16
Case No.: 5:14-cv-03267-PSG
ORDER DENYING PLAINTIFF'S AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT